THE STATE OF OHIO, APPELLEE, *v.*
CRAWFORD, APPELLANT.

(No. S-88-34—Decided
September 15, 1989.)

*John E. Meyers,* prosecuting attorney, and *Ronald J. Mayle,* for appellee.
*Robert Hart,* for appellant.

ABOOD, J. This is an appeal from a judgment of conviction in the Sandusky County Court of Common Pleas following a jury verdict of guilty on charges of felonious assault, and theft, with a prior-conviction-of-a-theft-offense specification.

Appellant sets forth two assignments of error:

"I. The trial court erred to the prejudice of the appellant by denying appellant's objection to prohibit the state's witness from reading to the jury a written transcript of appellant's videotaped confession in violation of Evid. R. 1002 (the best evidence rule), where the appellant did not authenticate the writing and where the original videotape was within possession of the state.

"II. The trial court erred to the prejudice of the appellant by not instructing the jury on the lesser included offense of assault as requested by the appellant where the jury could reasonably find against the state on the essential element of 'serious physical harm' required for felonious assault and find for the state on the essential element of 'physical harm' as required for assault."

The facts giving rise to this appeal are as follows: At approximately 3:30 a.m. on the morning of July 11, 1987, Lamont Miller arrived home at his duplex apartment at 531 Rice Street in Fremont, Ohio, after having had breakfast at a nearby Frisch's restaurant. Miller parked his car on the street and was proceeding to his door when he was stopped by a young man, previously unknown to him, who asked for directions to Findley Drive. Miller briefly turned away to explain the directions and when he turned back to face the stranger, the stranger began beating him. After his assailant had gone, Miller discovered that his wallet was missing. Miller crawled to his neighbor's door to get help and was subsequently taken by the rescue squad to the emergency room for treatment. Several hours later he was taken to the Fremont Police Station where his injuries were photographed.

Later that same morning Officer Nitschke of the Fremont Police Department was en route to the scene of Miller's assault when he received a call informing him that two suspects were traveling in a small silver car. Nitschke passed the suspects going in the opposite direction and turned to pursue them. The suspects pulled over and appellant emerged from the car. Nitschke then removed the other suspect from the car, and as he did, noticed a billfold by the armrest. Nitschke asked appellant if he could

62

look in the car to see to whom the billfold belonged and appellant consented. The billfold was empty; however, lying on the seat was a receipt for an Ohio driver's license bearing Miller's name. Both suspects were taken to the police station. When they arrived, appellant was advised of his rights but refused to sign the verification form. Appellant then said he wished to make a statement. That statement was recorded on videotape and later transcribed.

On July 28, 1988, appellant was indicted by the Sandusky County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A)(1), and one count of theft, in violation of R.C. 2913.02(A)(1), with a specification of a conviction of a prior theft offense. This indictment was consolidated with a previous indictment for aggravated robbery arising out of the same incident. At arraignment appellant entered a plea of not guilty to all counts, and the case proceeded to trial by jury on August 4 and 5, 1988. At trial the transcript of appellant's videotaped statement was read into evidence over appellant's objections. At the conclusion of the evidence appellant requested that the court instruct the jury on the lesser offenses of robbery and assault. The court denied the request and, on August 5, 1988, the jury returned a verdict finding appellant not guilty of aggravated robbery but guilty of felonious assault, theft and the specification.

In his first assignment of error, appellant asserts that the trial court committed prejudicial error by permitting the state's witness, over appellant's objection, to read to the jury from the transcript of appellant's videotaped statement. Appellant argues that this constituted a violation of the best evidence rule. Appellee, in response, argues that appellant did not object at trial to the use of the transcript on the

basis of the best evidence rule and, therefore, any such objection was waived.

The failure to object to evidence at trial constitutes a waiver of any challenge to the admission of that evidence on appeal. *State* v. *Wilson* (1982), 8 Ohio App. 3d 216, 220, 8 OBR 288, 291, 456 N.E. 2d 1287, 1291.

Appellant's claimed objection to the use of the transcript of the videotaped statement is stated at pages 37-39 in the transcript of proceedings and reads as follows:

"Q. Okay. Have you had an opportunity to review the videotape—

"A. Yes, sir.

"Q. —and compare it with the transcript in front of you?

"A. Yes, sir.

"Q. Okay. Is that transcript an accurate reproduction of the videotape?

"A. Yes, sir.

"Q. Okay, Did Robert Crawford proceed to give you a statement?

"A. Yes, he did.

"Q. Would you read to the Jury the context of your conversation between Robert Crawford and yourself?

"MR. STOTZER: Your Honor, at this time I would like to state an objection regarding the statement itself. If the Court will look at the certification at the back it indicates that 'this is a reasonably accurate transcript.' I believe the law requires that it be a completely accurate transcript, and I would object to the use of a transcript which may or may not be an exact representation of what the videotape holds.

"MR. CULBERT: Your Honor, it's apparent in this statement that there are several portions of the tape that were inaudible to any person listening to it, and for that reason it's not possible for someone to certify due to the problems we have with the human ear to detect, you know, a hun-

dred percent accurately what all was said.

"MR. STOTZER: Your Honor, that only highlights the objection. It is not a complete transcript of the contents of the conversation and therefore should not be used.

"THE COURT: Objection overruled."

It is clear from the trial record that appellant did not object to the use of the written transcript of his videotaped statement on the basis that it was improper under Evid. R. 1002 and a violation of the best evidence rule. Since no such objection was made at trial, this court finds that appellant waived any objection to the use of the transcript on that basis. Accordingly, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant asserts that the trial court erred by not instructing the jury on the lesser included offense of assault. Appellant argues that the jury could reasonably have found against the state on the element of serious physical harm and for the state on the element of physical harm.

Instruction on a lesser included offense is required only where the trier of fact could reasonably find against the state and for the accused on one or more of the elements of the crime charged but for the state and against the accused on the remaining elements, which alone constitute the lesser included offense. *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 513 N.E. 2d 311; *State* v. *Solomon* (1981), 66 Ohio St. 2d 214, 20 O.O. 3d 213, 421 N.E. 2d 139. Failure to instruct on the lesser included offense in such circumstances constitutes prejudicial error requiring reversal. *State* v. *Kidder, supra,* at 281, 513 N.E. 2d at 314.

The element at issue herein is the requirement of serious physical harm. Miller testified at trial that the injuries to his head consisted of two black eyes, a cut requiring stitches over one eyebrow, facial pain, facial swelling which lingered for three weeks and temporary impairment of his vision. Miller also testified that immediately after the attack he was unable to walk and that there was damage to his neck and one shoulder and arm from which he continues to suffer pain and stiffness. Photographs of his injuries taken immediately after the assault were admitted into evidence.

R.C. 2901.01(E) defines "serious physical harm to persons" as:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) *Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;*

"(5) *Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain.*" (Emphasis added.)

Upon consideration of the foregoing evidence, this court finds that no reasonable jury could find for the state on all other elements but not on the element of serious physical harm and, therefore, the trial court did not err in refusing to instruct the jury on the lesser included offense of assault. Accordingly, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the San-

64

dusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.