DECISION
Roland E. Monroe, Jr., defendant-appellant, appeals his conviction entered upon a jury verdict in the Franklin County Court of Common Pleas. The twelve member jury signed a verdict form finding appellant guilty of rape, a violation of R.C. 2907.02. The jury also found appellant not guilty of kidnapping, a violation of R.C. 2905.01 and gross sexual imposition, a violation of R.C. 2907.05.
Appellant and a woman had sexual intercourse at his house in December 1998. According to the woman, appellant pushed her to the floor, pulled off her pants and panties, and engaged in sexual intercourse with her without her consent. During appellant's trial, the woman testified concerning the alleged rape. Appellant also testified and claims he and the woman had a mutual sexual encounter. At the conclusion of the presentation of evidence, the jury deliberated and returned a verdict finding appellant guilty of rape. The jury form was signed by all twelve members of the jury. When the jury was polled by the trial court concerning their verdict and asked whether they agreed with the guilty verdict, juror No. 7 stated: "Yes. But I'm not happy with it." The court again asked juror No. 7: "Is this your verdict?" Juror No. 7 replied: "Yes."
The court dismissed the jury and told them that they were "free to do anything you want as far as discussing it." The court then asked counsel to be seated and stated:
 Obviously I always have concerns when a juror makes a comment other than yes or no with respect to the verdict. I am not permitted really to inquire as to the nature of [the] discussions back there because they are privileged. But I would be inclined, if there's no objection, to ask our juror what he meant by that.
Counsel for both appellant and the state did not object.
Juror No. 7 was then brought back into the courtroom and asked to explain why he was not happy with the verdict. He stated:
 Well, I don't really think it's enough evidence really to prove beyond a reasonable doubt that he done this. And they all had their decision and I basically am tired of being bothered with this. And I don't want to be down here for the rest of the week or next week. So I just put guilty. But really, I don't think it's right personally.
When asked by the court why he signed the jury form, he stated it was because he was "tired of being down here. * * * I signed it. But I'll be honest with you, I really don't approve of it." When asked by the attorney representing the state whether any of the jurors forced him into signing the verdict form, he answered "No."
The court then stated it would be happy "to accept any motions that you want to be done. And obviously a motion for new trial should be filed." Appellant's counsel filed a motion for a new trial pursuant to Crim.R. 33(A) and 29(C). On February 21, 2001, the trial court filed a judgment entry for appellant's rape conviction. The court imposed a five-year sentence on appellant and found appellant to be a sexual offender. In its judgment entry, the trial court did not address the issue of whether a new trial should be granted for appellant. Appellant appeals his rape conviction and presents the following two assignments of error:
 I. The trial court erred in finding Appellant guilty of rape and denying his motion for new trial when the jury did not unanimously agree that the State of Ohio had proved the elements of the crime charged beyond a reasonable doubt, thereby depriving him of Due Process of Law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 II. Appellant's counsel's failure to immediately request a mistrial and/or demand that further deliberations take place when it became apparent that a unanimous jury verdict had not been reached constituted ineffective assistance of counsel, thereby depriving Appellant of his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Appellant argues in his second assignment of error that his trial counsel was ineffective. Appellant claims that when the jury was polled, "it became immediately apparent during the polling of the jury that unanimity had not been reached." Appellant claims that his counsel failed "to take the steps necessary to remedy this glaring substantive and procedural defect."
"Reversal of a conviction on the grounds of ineffective assistance of counsel requires a showing, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial." State v. Lindsey (2000), 87 Ohio St.3d 479, 489, certiorari denied, 531 U.S. 838,121 S.Ct. 99, following Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation." State v. Lester (1998), 126 Ohio App.3d 1, 5. Additionally, appellant must show prejudice, demonstrating that but for counsel's errors, the result of the proceedings would have been different. State v. Nichols (June 27, 2000), Franklin App. No. 99AP-1090, unreported.
Crim.R. 31(A) states that a "verdict shall be unanimous. It shall be in writing, signed by all jurors concurring therein, and returned by the jury to the judge in open court." R.C. 2945.171 also states that in "all criminal cases the verdict of the jury shall be in writing and signed by each of the jurors concurring therein." Crim.R. 31(D) allows either party to request a poll of the jury, and if "upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged."
 A jury poll's purpose is to "give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented." State v. Hessler (2000), 90 Ohio St.3d 108, 121, certiorari denied (2001), ___ U.S. ___, 121 S.Ct. 1662, quoting Miranda v. United States (C.A.1, 1958), 255 F.2d 9, 17.
If there is doubt whether a juror has agreed to the verdict, the court may interrogate the juror to clarify his or her answer. State v. Brumback (1996), 109 Ohio App.3d 65, 72. The court's determination of whether further interrogation is necessary is given wide discretion because the "trial court was in a better position to view the demeanor and actions of the juror." State v. Williams (1995), 73 Ohio St.3d 153,167, certiorari denied (1996), 516 U.S. 1161, 116 S.Ct. 1047.
In the present case, juror No. 7 stated that he was not happy with the verdict. The court asked a follow up question: "Is this your verdict?" The juror answered "Yes." "If interrogation, without coercion or undue pressure, results in rehabilitation of the juror's verdict, the trial court may accept the verdict as the jury's true ascertainment of the defendant's guilt." Brumback, at 72-73. In the present case, the trial court could properly enter a guilty verdict based upon the juror's rehabilitative answer "yes" to the court's question "is this your verdict."
However, even though the court is given wide discretion, this does not obviate appellant's trial counsel's responsibility to object and/or require further interrogation by the trial court of the juror if there appears to be a question concerning the unanimity of the jury. In the present case, appellant's counsel should have asked the court for further rehabilitation based upon juror No. 7's comment that he was "not happy with the verdict." Appellant's counsel should have asked the court to inquire into why the juror was not happy with the verdict. The fact that juror No. 7's comments were sufficient to warrant an objection from appellant's counsel concerning the unanimity of the verdict is demonstrated by the trial court stating "I would be inclined, if there's no objection, to ask our juror what he meant by that" after the jury had been dismissed.
The failure to object constitutes a waiver of any claim of error but for plain error. Nichols, supra, following State v. Smith (1997),80 Ohio St.3d 89, 115, certiorari denied (1998), 523 U.S. 1125,118 S.Ct. 1811. "Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right [and] * * * reversal is warranted only if the outcome of the trial clearly would have been different absent the error." Lindsey, at 482. While Ohio courts have consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel,[1] it cannot be said that counsel's failure to object during the polling of the jury could be considered a "trial tactic" when considering the fact that this is the closing stage of the trial. In Sincox v. United States (C.A.5, 1978), 571 F.2d 876, a federal appellate court reversed a conviction based in part upon counsel's failure to act when a polled juror stated that he agreed with the guilty verdict "with reasonable doubt." Id. at 877. The court stated: "Counsel's failure to do anything to protect two fundamental rights of his client [including the right to a unanimous jury verdict] was an inexcusable mistake of grand proportion." Id. at 879. Accordingly, we find that the performance of appellant's trial counsel was deficient because counsel failed to ask for further inquiry into whether juror No. 7 agreed with the guilty verdict for appellant.
In order to show that he received ineffective assistance of counsel, appellant is also required to show prejudice, demonstrating that but for counsel's errors, the result of the proceedings would have been different. In the present case, after the court made further inquiry after the jury had been dismissed, juror No. 7 stated on the record before the trial court that he did not "really think [there was] enough evidence really to prove beyond a reasonable doubt that [appellant] done this." Juror No. 7 also stated that even though he signed the verdict, "I really don't approve of it." As one of the reasons for signing the verdict form, juror No. 7 stated that he was "tired of looking at you and everybody else. I want to get on out of here."
The foregoing demonstrates that if appellant's counsel would have requested further inquiry by the court into whether juror No. 7 agreed with the guilty verdict, the court would have discovered that juror No. 7 did not agree with the other jurors that appellant was guilty of rape. Therefore, the record demonstrates that but for counsel's errors, the result of the proceedings would have been different.
Appellee argues in its brief that we should not consider juror No. 7's statements made to the trial court after the jury had been dismissed. Appellee cites to Evid.R. 606(B), which states in part:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith.
In the present case, the trial court stated prior to the juror testifying that "I am not permitted really to inquire as to the nature of discussions back there because they are privileged." The court gave the prosecution an opportunity to object and the prosecution did not object before the juror's testimony, during the juror's testimony, and after the juror's testimony. "[F]ailure to object to evidence at trial constitutes a waiver of any challenge to the admission of that evidence on appeal." State v. Crawford (1989), 60 Ohio App.3d 61, 62.
Accordingly, we find appellant was denied his right to effective assistance of counsel based upon counsel's failure to ask for further inquiry into whether juror No. 7 agreed with the guilty verdict for appellant. If counsel had asked for further inquiry, it would have been disclosed that juror No. 7 did not believe there was enough evidence to prove beyond a reasonable doubt that appellant was guilty of rape. Appellant's second assignment of error is sustained. Because of our disposition of appellant's second assignment of error, we do not need to address appellant's first assignment of error. See App.R. 12(A)(1)(c).
Accordingly, appellant's first assignment of error is moot and appellant's second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision.
KENNEDY and DESHLER, JJ., concur.
[1] See State v. Gumm (1995), 73 Ohio St.3d 413, 428; State v. Hunt (1984), 20 Ohio App.3d 310, 311; State v. Davenport (Oct. 25, 2000), Summit App. No. 19419, unreported; State v. Zack (June 14, 2000), Lorain App. No. 99CA007321, unreported, discretionary appeal not allowed,90 Ohio St.3d 1440; State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666, unreported; and State v. McCroskey (Apr. 2, 1997), Wayne App. No. 96CA0026, unreported.